**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>SUCCESS VILLAGE APARTMENTS, INC.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 24-50624 (JAM)<br><br>Re: ECF No. 12 |
| CITY OF BRIDGEPORT, TOWN OF STRATFORD, THE SOUTHERN CONNECTICUT GAS COMPANY AND THE UNITED ILLUMINATING COMPANY,<br><br>    Movants,<br><br>    v.<br><br>SUCCESS VILLAGE APARTMENTS, INC.,<br><br>    Respondent. | |

### **APPEARANCES**

| | |
|---|---|
| Matthew K. Beatman (argued)<br>Zeisler & Zeisler, P.C.<br>10 Middle Street, 15th Floor<br>Bridgeport, CT 06604 | Richard J. Buturla (argued)<br>Bryan L. LeClerc<br>Berchem Moses PC<br>75 Broad Street<br>Milford, CT 06460 |

*Counsel for Movants, the City of Bridgeport and the Town of Stratford, Creditors*

D. Cameron Moxley (argued)
James R. Morrissey
Anthony J. Boccamazzo
Brown Rudnick LLP
185 Asylum Street
Hartford, CT 06103

*Counsel for Movants, The Southern Connecticut Gas Company and The United Illuminating Company, Creditors*

Mark M. Kratter (argued)
Law Offices of Mark M. Kratter, LLC
71 East Avenue, Suite K
Norwalk, CT 06851

*Counsel for Respondent, Success Village Apartments, Inc., Debtor*

**MEMORANDUM OF DECISION
AND ORDER GRANTING MOTION TO DISMISS**

Julie A. Manning, United States Bankruptcy Judge

**I.      Introduction**

On September 6, 2024, Success Village Apartments, Inc. (the "Debtor,") filed a voluntary Chapter 11 petition in this Court.  (ECF No. 1, the "Petition".)  The Debtor is a co-operative housing complex consisting of 924 residential units located in Bridgeport and Stratford, Connecticut.

On September 9, 2024, the City of Bridgeport, the Town of Stratford (together with the City of Bridgeport, the "Municipalities"), The Southern Connecticut Gas Company, and The United Illuminating Company (together with The Southern Connecticut Gas Company, the "Utilities" and the Utilities together with the Municipalities, the "Movants") filed a Joint Motion to Dismiss, or in the alternative, Determine that the Automatic Stay Does Not Apply and for Relief from the Automatic Stay (the "Motion to Dismiss," ECF No. 12).  The Movants also filed an *Ex Parte* Motion for Order to Shorten and Limit Notice on the Motion to Dismiss.  (ECF No. 13.)  On September 12, 2024, the *Ex Parte* Motion was granted.  (ECF No. 23.)  A hearing was scheduled on the Motion to Dismiss and the Debtor was required to file a response on or before September 17, 2024.  (*Id.*)  The Debtor filed an untimely objection to the Motion to Dismiss on September 18, 2024.  (ECF No. 32.)

On September 19, 2024, the hearing on the Motion to Dismiss was held. At the conclusion of the hearing, certain relief was granted to the Movants and the remaining relief requesting dismissal of the Debtor's case was taken under advisement. (ECF Nos. 38, 40, 41.)

For the reasons set forth below, the Motion to Dismiss is granted pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(A)–(C).

## II.     Findings of Fact and Conclusions of Law

Based on the record in this case, the uncontested allegations in the Motion to Dismiss, the arguments made and evidence introduced during the hearing, and upon review of the pending Connecticut Superior Court actions, *see* Fed. R. Evid. 201, below are the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 9014, which applies Fed. R. Bankr. P. 7052 in contested matters.

### The Connecticut Superior Court Trial and the filing of the Petition

1. On August 2, 2024, the Utilities commenced an action in the Connecticut Superior Court against the Debtor seeking the appointment of a receiver under C.G.S. § 16-262f captioned *The Southern Connecticut Gas Company v. Success Village Apartments, Inc.*, Docket No. FBT-CV24-6136752-S (the "Utility Receivership Proceeding"). (Ex. FFF.)

2. On August 15, 2024, the Municipalities commenced an action in the Connecticut Superior Court against the Debtor seeking the appointment of a receiver under C.G.S. § 52-505 captioned *City of Bridgeport v. Success Village Apartments, Inc.*, Docket No. FBT-CV24-6137211-S (the "Municipality Receivership Proceeding" and together with the jointly administered Utility Receivership Proceeding, the "Jointly Administered Receivership Proceedings"). (ECF No. 12 at 9.)

3

3. On September 4, 2024, a trial began in the Jointly Administered Receivership Proceedings before the Honorable Dale W. Radcliffe, Superior Court Judge.  (ECF No. 36.)

4. On September 6, 2024, during the third day of trial, the Movants rested their case in chief.  The Debtor then moved for a directed verdict, which Judge Radcliffe denied because he found that the Movants "established a prima facie case." (ECF No. 35, at 45–46.)  Judge Radcliffe then took a recess and noted that after the recess, trial would resume with the case for the Debtor.  (*Id*. at 47.)  Instead of proceeding with its case, the Debtor informed Judge Radcliffe it filed the Petition and asserted the trial was therefore stayed. (*Id*.)  Judge Radcliffe then questioned whether the Debtor officially sought bankruptcy protection and noted that the Debtor did not file on the Superior Court docket information regarding the filing of a bankruptcy case (*Id.* at 48), which is required by Conn. P.B., Sec. 14-1 ("When a claim for a statutory exemption or stay by reason of bankruptcy is filed, it shall be accompanied by an affidavit . . ."). After another recess, counsel for the Movants verified to Judge Radcliffe that the Petition had in fact been filed during the trial.  Judge Radcliffe then stated:

> Time is of the essence in this case, as has been indicated previously.  The plaintiffs [Movants] are seeking an extraordinary remedy.  And since this filing was made today, I believe, at -- it says at 10:20 p.m. [sic] after the plaintiffs [Movants] concluded their cases, it is clearly an attempt to prevent this court from going forward with a decision on the merits of the case.  Unfortunately, since the rule of law applies, the bankruptcy court has jurisdiction now that there has been a filing, although that court can act to stay any proceeding and allow this court to -- to act, and can exempt this case from any automatic stay provision, if that is the decision of the bankruptcy court.

(ECF No. 35, at 53.)

### **The Motion to Dismiss Hearing**

5. On September 19, 2024, a hearing on the Motion to Dismiss was held in this Court.  In addition to the evidence attached to the Motion to Dismiss, several exhibits were admitted into

evidence by the Movants. The exhibits established numerous health and safety violations have been issued to the Debtor prior to the filing of the Petition impacting the daily health and safety of the residents. Several of the health and safety violations admitted into evidence are:

 a. A Notice and Inspection Report of the boilers at the Debtor's real property and multiple Notices of Violations from the State of Connecticut regarding the hazardous boilers at the Debtor's property (Exs. E, F);

 b. A Notice and Violation and Order to Abate from the City of Bridgeport Building Department of the State Building Code § 114 for unsafe equipment and ordered restoration and abatement to correct the tagged fuel lines to the boilers, and removal of the defective gas lines (Ex. G);

 c. Abatement Orders for Fire/Life Safety Hazards from the Bridgeport and Stratford Fire Marshals for lack of compliance with fire alarm and detection systems (Exs. I, AAA);

 d. An Order from the Town of Stratford Department of Health to Correct the heat and hot water issues (Ex. V); and

 e. A Housing Code Violation Order Letter from the City of Bridgeport Department of Health and Social Services for violations of no heat and hot water (Ex. H).

6. Additionally, the Movants argued, and the Debtor did not dispute, the following facts:

 a. On September 18, 2024, the Debtor filed Schedules under penalty of perjury, not initially filed with the Petition, which valued the real property located in Bridgeport and Stratford, Connecticut at $81,600,000.00 (ECF No. 31);

 b. The Debtor's Schedule A/B stated, under penalty of perjury, that as of the date of the filing of the Petition, the Debtor had $5,390.00 in cash, and $85,000.00 in

outstanding receivables ($25,000.00 under 90 days old, $60,000.00 over 90 days old) (ECF No. 31);

      c. The Debtor's Schedule D stated, under penalty of perjury, that the City of Bridgeport Tax Collector is the holder of a secured claim of $2,000,000.00 for unpaid real estate taxes and the Town of Stratford Tax Collector is the holder of a secured claim of $300,000.00 for unpaid real estate taxes (ECF No. 31);

      d. The Debtor's Schedule E/F stated, under penalty of perjury, that The Southern Connecticut Gas Company is the holder of an unsecured claim of $1,300,000.00, and the United Illuminating Company is the holder of an unsecured claim of $200,000.00 (ECF No. 31);

      e. The Debtor's Profit and Loss statement from January through December 2023 indicates yearly income of $6,786,671.97, and yearly net income of negative $3,110,502.58, after payment of expenses, taxes, maintenance, and utilities (Ex. CCC); and

      f. The Office of the United States Trustee stated on the record during the hearing that, although the Debtor valued its real property at $81,600,000.00, the Debtor has property insurance with limits of $10,000,000.00, which the Debtor did not dispute.

7. During the hearing, the Municipalities argued, pursuant to section 362(b)(4), the Municipality Receivership Proceeding was not stayed by the filing of the Petition because the Municipalities were exercising their police and regulatory powers. The Court agreed with the Municipalities and ordered that, effective as of 5:30 p.m. on September 19, 2024, in accordance with the plain language of section 362(b)(4), the automatic stay in section 362(a) did not apply and never applied to the Municipality Receivership Proceeding.

8. The Utilities argued that cause existed to grant relief from the automatic stay pursuant to section 362(d)(1) to allow them to proceed with the Utility Receivership Proceeding. The Court agreed with the Utilities that cause existed to grant relief from the stay effective as of 5:33 p.m. on September 19, 2024, for several reasons, including, but not limited to: (i) the trial had commenced and proceeded for three days and, after the Movants had rested their case in chief, the Debtor filed the Petition to stop the trial from further proceeding; (ii) numerous health code and safety violations were issued regarding the Debtor's operation of the 924 residential units; (iii) the Debtor admitted that it owes more than $1,500,000.00 to the Utilities and has less than $6,000.00 in funds in its bank account; and (iv) the Debtor admitted the boilers that would deliver the utility services to the residents are not operating and have not been operating properly since "the last heating season." (*See* ECF 40.)

9. On September 20, 2024, an Order entered memorializing the Court's oral ruling. (ECF No. 38.)

10. On September 24, 2024, the Movants filed the Notice of Postpetition Appointment of State Court Receiver.[1] (ECF No. 44.)

**Cause exists to dismiss the Debtor's case**

Dismissal of a Chapter 11 case is governed by 11 U.S.C. § 1112(b). Section 1112(b)(1) states, in pertinent part, that "on request of a party in interest, and after notice and a hearing, the court shall . . . dismiss a case . . . for cause."

---

[1] On September 24, 2024, Judge Radcliffe appointed Attorney Barry Knott as the Receiver and ordered that "full and absolute control of all property and assets of Success Village shall immediately vest in the Receiver, and the Receiver shall manage, operate and control the Premises for the benefit and support of the Residents . . . ." (ECF No. 44.) Therefore, a future bankruptcy case of the Debtor, if any, must be filed by the Receiver while his appointment remains in effect.

The Movants assert the Debtor's Chapter 11 case should be dismissed for cause, and that cause exists because, among other things, the Petition was filed in bad faith. In response, the Debtor filed a terse objection stating that it would install solar panels to improve its cash flow and would employ a vendor to repair the boilers. When asked by the Court what its plan for reorganization would be, the Debtor additionally stated it would address its dire financial circumstances by imposing a special assessment on the residents, which would result in requiring the residents to correct the Debtor's financial situation. (*See* ECF No. 40.)

The Court agrees with the Movants that cause exists to dismiss the Debtor's case because the Petition was filed in bad faith. In *C-TC 9th Avenue Partnership v. Norton Company (In re C-TC 9th Avenue Partnership)*, the United States Court of Appeals for the Second Circuit held bad faith can be cause for dismissal under section 1112(b). 113 F.3d 1304, 1310–12 (2d Cir. 1997). In *C-TC*, the Debtor argued the bankruptcy court did not follow the factors in section 1112(b) to determine bad faith. The Second Circuit disagreed with the debtor. *Id.* at 1311. Furthermore, in support of its holding, the Second Circuit discussed *Pleasant Pointe Apartments, Ltd., v. Kentucky Housing Corporation*, 139 B.R. 828 (W.D. Ky. 1992), a case from the United States District Court for the Western District of Kentucky affirming a bankruptcy court's *sua sponte* dismissal of a Chapter 11 petition for bad faith. *C-TC*, 113 F.3d at 131. The Second Circuit adopted the bad faith factors the bankruptcy court considered in *Pleasant Pointe*, namely:

(1) the debtor has only one asset;
(2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
(3) the debtor's one asset is the subject of a foreclosure action as the result of arrearages or default on the debt;
(4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
(5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
(6) the debtor has little or no cash flow;

      (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
      (8) the debtor has no employees.

*Id.* at 1311. The Second Circuit applied the *Pleasant Pointe* factors to the facts before it to determine if bankruptcy court abused its discretion when it dismissed the C-TC's petition for bad faith. *Id*. at 1312. The Second Circuit held that the bankruptcy court did not abuse it discretion. *Id*.

      In order to determine if the Petition was filed in bad faith in this case, the Court will consider the *Pleasant Pointe* factors. *See id.* With regard to the first and third factors, the Debtor's primary asset is the real property and buildings consisting of 924 residential units in Bridgeport and Stratford, Connecticut. The Debtor admits that its debt to the Movants is in excess of $3,800,000.00. When faced with the appointment of a receiver sought by the Movants, which, if granted, would displace the Debtor from operating its business, the Debtor filed the Petition. The Debtor sought to prevent the appointment of a receiver so that it could remain in control of its operations despite its admitted precarious financial condition and inability to pay its debts. These undisputed facts support a finding under the first and third factors that the Petition was filed in bad faith.

      The fifth *Pleasant Pointe* factor instructs courts to examine the timing of the filing of a case. The Debtor filed the Petition during the trial. Not only did the Debtor file the Petition during the trial, it notified Judge Radcliffe that the Petition was filed only after he ruled the Movants established a *prima facie* case for the appointment of a receiver. As Judge Radcliffe correctly noted, the filing of the Petition was "clearly an attempt to prevent this court from going forward with a decision on the merits of the case." (ECF No. 35, at 53.) The timing of the filing

9

of the Petition further supports a finding under the fifth factor that the Debtor's case was filed in bad faith.

Consideration of the sixth factor also supports a finding that the Petition was filed in bad faith. The Debtor admits in its Schedules that it has $5,390.00 in cash. As of the date of the filing of the Petition, the Debtor also admits it owes the Movants at least $3,800,000.00. Furthermore, the Debtor did not dispute the admitted evidence showing that in 2023, the Debtor had negative net income of more than $3,000,000.00. Based on these admitted and undisputed facts, the Debtor clearly has little or no cash flow, the sixth *Pleasant Pointe* factor indicative of bad faith.

With respect to the seventh factor, the Debtor did not dispute that it cannot meet current expenses when they become due, including the payment of real estate taxes. The Motion to Dismiss asserts that the Debtor is not currently paying its debts to the Movants when they become due, and that the Debtor owes more than $2,300,000.00 in real estate taxes to the Municipalities. No evidence was introduced by the Debtor to controvert the Movants' assertions. Therefore, the seventh *Pleasant Pointe* factor indicative of bad faith is also present in this case.

For these reasons and under the applicable *Pleasant Pointe* factors set forth in *C-TC*, the Court concludes cause exists to dismiss the Debtor's case under section 1112(b)(1) because the Petition was filed in bad faith.

In addition to bad faith, the Court agrees with the Movants that enumerated examples of cause also exist to dismiss the Debtor's case. Under section 1112(b)(4), "cause" includes: "(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; [and] (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. § 1112(b)(4)(A)–

(C). Here, it is undisputed that the Debtor suffered significant financial losses prior to filing the Petition. The Debtor's Profit and Loss Statement of 2023 (Ex. CCC) establishes it had a total income of $6,786,671.97, but it had negative net income of $3,110,502.58 after payment of expenses, taxes, maintenance, and utilities. This fact, coupled with the Debtor's own admission that it has less than $6,000.00 in funds to operate, supports a finding there is an absence of a reasonable likelihood of rehabilitation of the Debtor. The Debtor's arguments to the contrary do not alter this finding.

Furthermore, it is undisputed that the Debtor received numerous health and safety violations regarding its failure to provide heat and hot water to its residents. The Debtor admitted the residents have not had heat and hot water since "the last heating season" and that situation continues to exist today. Because of the existing and continuing health and safety violations, which directly relate to the daily health and safety of the Debtor's residents, the Court finds the estate has been grossly mismanaged.

Finally, as noted by the Office of the United States Trustee, the Debtor has property insurance coverage of $10,000,000.00 despite the Debtor's own $81,600,000.00 valuation of the property. The Debtor did not dispute this fact, which supports a finding that the Debtor has failed to maintain appropriate property insurance for the 924 residential units. The Debtor's failure to appropriately insure its assets poses a continuing risk to the Debtor's stakeholders, including the Debtor's residents, the Movants, and the citizens of the City of Bridgeport and the Town of Stratford.

For the reasons set forth above, the Court concludes cause exists to dismiss the Debtor's case in accordance with section 1112(b)(4)(A)–(C).

**III.**     **Conclusion and Order**

The Court concludes ample cause exists to dismiss the Debtor's case pursuant to 11 U.S.C. § 1112(b)(1) as a bad faith filing and as set forth in 11 U.S.C. §§ 1112(b)(4)(A)–(C). Therefore, it is hereby

**ORDERED**:  The Motion to Dismiss is **GRANTED** and the Debtor's case is dismissed pursuant to 11 U.S.C. §§ 1112(b)(1) and (4)(A)–(C); it is further

**ORDERED**:  Upon the entry of this Order, any pending motions, applications, or other pleadings seeking relief are **DENIED** as moot.

Dated at Bridgeport, Connecticut this 27th day of September, 2024.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut